STATE vs. HENRY WILLEY.

INTOXICATING LIQUORS—ILLEGAL POSSESSION OF MORE THAN A QUART.

If defendant received from another, though only for temporary keeping, a grip containing whisky, with knowledge that it contained more than a quart, he violated Act Feb. twenty-seventh, 1917 (29 *Del. Laws*, *c.* 10, *par.* 2), prohibiting the having in possession at one time of more than one quart of spirituous liquor.

(*July* 2, 1919.)

BOYCE and CONRAD, J. J., sitting.

*Daniel J. Layton, Jr.*, Deputy Attorney -General, for the State.

*James M. Tunnell* for the accused.

Court of General Sessions, Sussex County, June Term, 1919.

INDICTMENT No. 7, June Term, 1919.

Henry Willey was indicted for unlawfully having in his possession at one time more than one quart of spirituous liquor, to wit, five quarts of whisky.   Verdict of guilty.

At the trial the state offered evidence to prove that the residence of the accused, in Georgetown hundred, was searched by L., a state detective, and J., sheriff of the county, who found concealed in a closet, in a satchel behind a lot of boxes, five quarts of whisky; that when the satchel was found the accused was asked what it contained, and replied, "Whisky, I suppose."

The accused claimed that one J. had called at his house shortly before the officers arrived, and had asked permission to leave the satchel until the arrival of the next train going to Selbyville, and left his house.   In the meantime, the officers searched the house and found the satchel with the five quarts

of whisky in it; that he did not know of the contents of the satchel, it being locked, when it was left with him, and not until the officers discovered the satchel and opened it; that his wife placed the satchel in the closet after it had been left with him; that J. did not return.

Counsel for the accused sought to prove by others that a man answering the description of J. was seen going towards Willey's home with a satchel like the one in which the officers found the whisky, both satchel and whisky being in evidence; and that the same was the property of another and not Willey's. Objection being made, it was sustained on the ground of irrelevancy.

BOYCE, J., charged the jury in part:

The indictment in this case does not charge Henry Willey with the ownership of the liquor found in the grip by the officers, nor does it charge him with the sale of intoxicating liquor, but it does charge him with having in his possession, at one time, more than one quart of spirituous liquors, to wit, five quarts of whisky, in violation of *paragraph* 2, *chapter* 10, *Volume* 29, *Laws of Delaware*, which has been read to you.

You need not concern yourselves with the ownership of the grip and whisky, in evidence before you. The accused admits that the grip and contents came into and were found in his possession. But he denies that at the time the grip was left in his possession he knew that it contained whisky.

If the accused received the grip containing the whisky from Johnson, though only, as he claims, for temporary keeping, and did so with knowledge that the grip contained more than one quart of whisky, then he violated the statute. We therefore charge you that the question of the ownership of the whisky found in the grip is not material, and you should not consider it. If you believe from the evidence beyond a reasonable doubt that the whisky found in the grip was consciously in the possession of the accused, your verdict should be guilty, regardless of how he came into the possession of it. Otherwise, your verdict should be not guilty.  *  *  *

Verdict, guilty.